OWENS, DEMANDANTE Y APELANTE, *v.* BELAVAL Y ALVAREZ TORRE ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre cobro de dinero.

No. 3008.—Resuelto en febrero 12, 1924.

ALEGACIONES SUPÉRFLUAS—CONCLUSIONES LEGALES.—En el presente caso se alegó que la demandada * * * es una sociedad civil agrícola e industrial debidamente constituída por escritura de fecha 7 de enero de 1919, ante el notario de esta ciudad don Frank Martínez, con su domicilio legal en esta ciudad de San Juan, P. R., y a continuación se alegó: "que la sociedad mencionada fué expresamente constituída de acuerdo con el Código de Comercio

para regirse por sus disposiciones, adoptando una de las formas sociales en dicho cuerpo legal previstas y en armonía también con los preceptos del Código Civil no inaplicables.'' *Se resolvió:* que la alegación complementaria contenida en el párrafo insertado entre comillas es una mera conclusión legal que por superflua e impertinente debe ser eliminada.

Id.—Id.—La afirmación de que una parte tiene capacidad para demandar o ser demandada es una conclusión legal y cuando se solicita, debe ser eliminada por superflua e inmaterial.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Soto Gras & Siaca.*

Abogado de los apelados: *Sr. L. Muñoz Morales.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

La apelación en este caso tiene por objeto determinar si la corte inferior procedió bien o no al decretar la eliminación de ciertos extremos de la demanda.

La alegación 1ª. de la demanda, dice:

''Que la demandante es mayor de edad, vecina de la ciudad de Nueva York, Estado de Nueva York, Estados Unidos de América, y con capacidad para demandar y ser demandada; que la Sociedad demandada 'Belaval y Alvarez Torre' es una sociedad civil agrícola e industrial debidamente constituída por escritura de fecha 7 de enero de 1919, ante el Notario de esta ciudad don Frank Martínez, con su domicilio legal en esta ciudad de San Juan, P. R.; que la sociedad mencionada fué expresamente constituída de acuerdo con el Código de Comercio para regirse por sus disposiciones, adoptando una de las formas sociales en dicho cuerpo legal previstas y en armonía también con los preceptos del Código Civil no inaplicables; Rafael Alvarez Torre se une como demandado en su carácter de socio gestor de la referida sociedad 'Belaval y Alvarez Torre' a los efectos de su responsabilidad solidaria como tal gestor por las obligaciones de la sociedad; tanto dicho Sr. Alvarez Torre, como los otros demandados Armando S. Belaval, su esposa María Teresa Alvarez Torre y Acuña, son mayores de edad, vecinos de esta ciudad y con capacidad para demandar y ser demandados.''

Los particulares que fueron eliminados de aquella alegación son los siguientes:

(*a*) Las palabras "y con capacidad para demandar y ser demandada," de las líneas segunda y tercera.

(*b*) Las palabras comprendidas entre "que la" de la 7 hasta la palabra "inaplicables" de la línea 11.

(*c*) Las palabras "con capacidad para demandar y ser demandados" de las líneas 17 y 18.

La parte eliminada en su totalidad, letra (*b*) es como sigue:

"Que la sociedad mencionada fué expresamente constituída de acuerdo con el Código de Comercio para regirse por sus disposiciones, adoptando una de las formas sociales en dicho cuerpo legal prevista y en armonía también con los preceptos del Código Civil no inaplicables."

Se alegó como fundamento para la eliminación que los párrafos citados constituyen conclusiones de derecho y como tales materia impertinente y redundante.

El párrafo esencial sujeto a esta discusión y que constituye el fin principal de este recurso, es el referido en la letra (*b*) y que se ha transcrito.

De manera que la alegación 1ª. después de los diferentes párrafos que fueren eliminados, debía quedar redactada diciendo:

"Que la demandante es mayor de edad, vecina de la ciudad de Nueva York, Estado de Nueva York, Estados Unidos de América. . . . ; que la sociedad demandada 'Belaval y Alvarez Torre,' es una sociedad civil agrícola e industrial debidamente constituída por escritura de fecha 7 de enero de 1919, ante el Notario de esta ciudad don Frank Martínez, con su domicilio legal en esta ciudad de San Juan, P. R. . . . Rafael Alvarez Torre se une como demandado en su carácter de socio gestor de la referida sociedad 'Belaval y Alvarez Torre' a los efectos de su responsabilidad solidaria como tal gestor por las obligaciones de la sociedad; tanto dicho Sr. Alvarez Torre, como los otros demandados Armando S. Belaval, su esposa María Teresa Alvarez Torre y Acuña, son mayores de edad, vecinos de esta ciudad. . . . ."

Se alega por el apelante que el propósito de la demanda es exigir a la sociedad Belaval y Alvarez Torre y a sus socios individualmente . el cumplimiento de una obligación con la demandante, y el párrafo letra (*b*) eliminado parece tener directa relación con este último propósito. La cuestión envuelta sería determinar, si dicho párrafo es una alegación de hecho o una conclusión o interpretación legal de los términos del contrato social. Primeramente, se alega el hecho de que la demandada "Belaval y Alvarez Torre" es una sociedad de carácter civil, y después es que continúa el párrafo eliminado.

No será inútil decir que la condición o forma con que se ha revestido la sociedad que se alega establecida tiene que resultar, como cuestión de hecho, de las cláusulas de la escritura en que fué otorgada. Si el demandante alega lisa y llanamente "que la sociedad demandada 'Belaval y Alvarez Torre,' es una sociedad civil agrícola e industrial debidamente constituída por escritura de fecha 7 de enero de 1919 . . . ." la subsiguiente alegación tendente a explicar que no obstante su naturaleza civil fuera "expresamente constituída de acuerdo con el Código de Comercio para regirse por sus disposiciones, adoptando una de las formas sociales en dicho cuerpo legal previstas" es una deducción o manera de interpretar que hace el demandante de los términos del contrato social.

La opinión del abogado de la demandante en este caso puede ser muy valiosa y más bien para ser objeto de un *brief,* pero no sería pertinente . como materia de alegación en una demanda donde solamente deben alegarse concisamente . los hechos esenciales del caso.

"Si a los abogados se les permitiera alegar conclusiones de derecho, las alegaciones serían de utilidad como alegatos pero inútiles como la expresión de los hechos, que es el único fin de una alegación." 1 Estee's Pl. & Pr., 150.

El apelante, sin embargo, insiste que la eliminación acordada dejaría sin efecto el propósito de su demanda o que la haría insuficiente. Y a este efecto llama la atención de que si el resto de la alegación queda insuficiente con motivo de la eliminación del párrafo citado, ésta no podía decretarse. Es cierto que la teoría general define como alegación no esencial aquella que puede ser eliminada sin dejar insuficiente la demanda o defensa y que por consiguiente no necesita probarse ni refutarse. I Sutherland, 82. Pero en este caso el particular que se elimina es materia superflua, inmaterial, por tratarse de materia argumentativa u opinión del abogado de la demandante sobre la naturaleza o forma del contrato. La condición del contrato social quedó establecida al ser alegado su carácter civil y el mismo contrato social es el que puede decirnos, como cuestión de hecho, si no obstante su naturaleza civil la sociedad adoptó alguna de las formas del Código de Comercio. La cuestión parece más sencilla, o sea, alegar aquella parte del contrato o referirse a la cláusula pertinente en que expresamente quedó consignada la estipulación relativa al Código de Comercio. Siendo esta la situación del caso, no nos parece oportuno fijar el alcance del artículo 1572 del Código Civil según solicita el apelante, porque no estamos decidiendo sobre los méritos del caso y sí sobre la actuación de la corte inferior que consideró como una conclusión legal la alegación del demandante, y por lo cual ordenó su eliminación. Y su resolución se fundó en el artículo 123 del Código de Enjuiciamiento Civil tal como quedó enmendado por la Ley de 9 de marzo de 1911, que dice:

"A moción de la parte contraria se eliminará por la corte toda materia impertinente y redundante contenida en una alegación, y hasta que tal moción sea resuelta por la corte la parte promovente no estará obligada a hacer nueva alegación."

Este artículo está tomado sustancialmente del Código de

Enjuiciamiento Civil de California, y Sutherland, al comentar lo que debe entenderse por materia impertinente y redundante, dice:

"Bajo este título pueden incluirse: Una falsa interpretación de los términos de un contrato cuya existencia se alega; alegaciones inconsistentes; conclusiones de derecho; hechos probatorios o evidencia insertados en una alegación; manifestaciones ambiguas; manifestaciones hipotéticas; y materia frívola." Tomo 1, página 86.

Las demás frases eliminadas en que se alega la capacidad para demandar o ser demandado son asimismo meras conclusiones legales y como tales ellas constituyen materia superflua en la demanda. Solamente debe alegarse la capacidad cuando es representativa y no propia.

Por las razones expuestas, la sentencia debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.